## CITY OF NEW ORLEANS *v.* UNION INSURANCE COMPANY.

*The law requires the tax to be levied on the capital stock of an insurance company actually paid in and secured to be paid, excepting therefrom the sums paid for real estate and the amount of capital stock owned by the State or city of New Orleans.*

APPEAL from the Second District Court of New Orleans, *Whitaker*, J. L. M. *Day*, City Attorney, for plaintiff. *Wm. H. Hunt*, for defendant and appellant.

HOWELL, J. This is a suit to recover from the Union Insurance Company the tax levied on its capital for the year 1861; and the only question presented is, whether or not, the sum represented by the premium notes held by the Company, is a part of the capital, and subject to taxation.

The facts of the case are contained in the following admissions and the tax receipt on file:

"It is admitted that the City of New Orleans levied and assessed, *according to law*, on this Company, in the year 1861, a tax of one and one-half per cent. on $300,000 capital stock, paid in and secured to be paid in, of said Company.

By the charter of said Company the capital stock is fixed at $250,000.

That, of the aforesaid amount, the said Company had $156,156 25 in premium notes, a copy of one of which is herewith filed, and that these notes are now, and always have been, in the possession of the Company, and that the Company has paid one and one-half per cent. on $93,843 75 of the capital stock, with attorney's commissions on the same.

It is further admitted that the name of the defendant was not published in the list of defaulting tax payers.

The notes are in the following form:

"No.——, New Orleans, ———, 186-. On demand of the President and Directors of the Union Insurance Company of New Orleans, —— promise to pay to the order of said Company, and in the manner provided for by the third article of the charter, the sum of —— dollars, being eighty dollars per share on —— shares owned by ——— in the capital stock of said Company."

The charter is not before us.

The plaintiff claimed the tax on $300,000, as the capital of the Company actually paid in and secured to be paid in, as returned under the 70th section of the City Charter.

Judgment was rendered in the lower Court for the tax on the amount of the premium notes, being the difference between the sum on which the defendant paid, and $250,000, the amount of the capital stock fixed by the charter, from which the Company appealed.

The City does not ask that the judgment be amended.

The law requires the tax to be levied on the capital stock actually paid in and secured to be paid, excepting therefrom the sums paid for real estate and the amount of capital stock owned by the State or City of New Orleans; and the admissions and the form of the notes in the record show that the premium notes held by the defendant constitute a part of its capital stock and are in terms the capital stock " *secured to be paid in.*"

The fact that they are still in the possession of the Company, instead of changing, substantiates this character; and should the exigencies of the Company require it, they would, so far as this record shows, be used just as the capital actually paid in would be.

We can see no good reason why the amount of the capital secured by these notes (*called* premium notes) should be exempt from taxation. Such exemption would relieve the Company, to that extent, from a burden plainly imposed by law, and would in effect reduce its capital, or declare that not to be capital which is returned, upon a sworn statement, as capital, according to law, or is fixed as such by the charter.

It is the *capital*, without which the corporation would not be complete, and upon which it operates, that the law taxes.

Judgment affirmed, with costs.